Alan Gura, Calif. Bar No. 178,221
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665
alan@gurapossessky.com

Allen Dickerson*
Center for Competitive Politics
124 S. West St., Suite 201
Alexandria, VA 22314
703.894.6800/F: 703.894.6811
adickerson@campaignfreedom.org
*Application *pro hac vice* pending

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR COMPETITIVE POLITICS, <br><br> Plaintiff, <br><br> v. <br><br> KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California, <br><br> Defendant. | Case No. _____ <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

INTRODUCTION

The First Amendment, and the Internal Revenue Code, protect the privacy of individuals who wish to support charitable educational organizations that seek to advance the public good. In derogation of these protections, California officials are pressuring Plaintiff Center for Competitive Politics ("CCP"), a § 501(c)(3) charitable organization, to reveal its confidences. CCP brings this action to secure its rights and those of its supporters.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

2. Venue for this action is proper in the United States District Court for the Eastern District of California per 28 U.S.C. § 1391(b).

PARTIES

3. Plaintiff Center for Competitive Politics ("CCP") is a Virginia nonprofit corporation, recognized by the Internal Revenue Service as a § 501(c)(3) educational organization.

4. Defendant Kamala Harris is Attorney General of California, charged with enforcement of California's Uniform Supervision of Trustees for Charitable Purposes Act, codified at Cal. Gov. Code § 12581 *et seq.* (2014).

STATEMENT OF FACTS

*California's Registry of Charitable Trusts*

5. In order to legally solicit tax-deductible contributions in California, an entity must be registered with the state's Registry of Charitable Trusts ("Registry").

6. The Registry is administered by California's Department of Justice. Cal. Gov. Code § 12587.1 (2014).

7. To maintain membership in the Registry, nonprofit corporations must file annual "periodic written reports" with the Attorney General, which "include the Annual Registration Renewal Fee Report . . . as well as the Internal Revenue Service Form 990, which must be filed on an annual basis with the Registry." 11 Code of Calif. Regs. § 301; § 306(c).

8. In previous years, Plaintiff has filed a periodic written report including its Federal Form 990 but, pursuant to 26 U.S.C. § 6104(d)(3)(A), has redacted the names and addresses of its contributors.

9. Plaintiff has been a member of the Registry since 2008.

10. On January 9, 2014, Plaintiff filed its Annual Registration Renewal Fee Report with the Attorney General.

*Defendant Demands an Unredacted List of Plaintiff's Contributors*

11. Plaintiff received a letter from Defendant dated February 6, 2014 ("Letter"). A true and correct copy of the Letter is attached to this Complaint as Exhibit 1.

12. The Letter acknowledges Defendant's receipt of CCP's periodic written report, but states that "**[t]he filing is incomplete** because the copy of Schedule B, Schedule of Contributors, does not include the names and addresses of contributors." (bold in original).

13. The Letter states that "[t]he Registry retains Schedule B as a confidential record for IRS Form 990 and 990-EZ filers."

14. The Letter concludes that Plaintiff must "[w]ithin 30 days of the date of this letter . . . submit a **complete** copy of Schedule B, Schedule of Contributors, for the fiscal year noted above, as filed with the Internal Revenue Service." (bold, underlining in original).

15. Thirty days from the date of the Letter is March 8, 2014, a Saturday.

16. The Letter further instructs Plaintiff to "address all correspondence to the undersigned."

17.     The Letter is signed simply "A.B.," which the signature block describes as an "Office Technician, Registry of Charitable Trusts" writing on behalf of Defendant.

*Consequences of Plaintiff's Failure to Reveal Its Supporters*

18.     Under California law, "[t]he Attorney General may issue a cease and desist order whenever the Attorney General finds that any entity . . . has committed an act that would constitute a violation of . . . an order issued by the Attorney General, including, but not limited to . . . fail[ure] to file a financial report, or [filing] an incomplete financial report." Cal. Gov. Code § 12591.1(b)(3) (2014).

19.     After making such a finding, the Attorney General "may impose a penalty on any person or entity, not to exceed one thousand dollars ($1,000) per act or omission." Cal. Gov. Code § 12591.1(c).

20.     "At least five days prior to imposing that penalty," however, "the Attorney General shall provide notice to the person or entity that committed the violation by certified mail to the address of record at the Registry of Charitable Trusts." *Id*.

21.     "Penalties shall accrue, commencing on the fifth day after notice is given, at a rate of one hundred dollars ($100) per day for each day until that person or entity corrects that violation." *Id*.

22.     "If the Attorney General assesses penalties under this section, the Attorney General may suspend the registration of that person or entity" in the Registry. Cal. Gov. Code § 12591.1(d).

23.     "Registration shall be automatically suspended until the fine is paid and no registration shall be renewed until the fine is paid." *Id*.

24.     Absent registration, a nonprofit entity may not solicit contributions in California, a state containing a substantial portion of the population and wealth of the United States. Such a prohibition inhibits the ability of Californians to receive solicitations from an entity that they would support, and thus the ability of individuals, within and without the state, to associate.

25.     Further, the "Attorney General may apply to a superior court of the State of California for relief, and the court may issue a temporary injunction or a permanent injunction to restrain violations of this chapter, appoint a receiver, order restitution or an accounting, or grant other relief as may be appropriate to ensure the due application of charitable funds. Those proceedings shall be brought in the name of the state." Cal. Gov. Code § 12591.1(f) (2014).

*Federal Law Protects the Names and Addresses of Plaintiff's Contributors from Compelled Disclosure to State Officials*

26.     The Internal Revenue Code regulates the disclosure of confidential federal tax information, and is the sole authority governing such information.

27.     The Code defines "[t]he term disclosure" as "the making known to any person in any manner whatever a return or return information." 26 U.S.C. § 6103(b)(8) (2014).

28.     IRS Form 990, filed annually by § 501(c)(3) organizations including Plaintiff, provides for the reporting of contributor names and addresses on Schedule B, Schedule of Contributors.

29.     The Schedule B filings of certain organizations, such as § 527 entities, are made available for public inspection. 26 U.S.C. § 6104(d)(1).

30. Federal law, however, forbids public dissemination of complete Schedule B information for organizations registered under § 501(c). § 6104(d)(3)(A) (prohibiting "the disclosure of the name and address of any contributor to the organization.").

31. There is an exception to this blanket ban: upon the written request of a state official, such as the Attorney General, "the [United States Treasury] Secretary may make available for inspection or disclosure returns and return information of any organization described in § 501(c) . . . for the purpose of, and only to the extent necessary in, the administration of State laws regulating the solicitation or administration of the charitable funds or charitable assets of such organizations." 26 U.S.C. § 6104(c)(3).

32. Even this narrow exception is explicitly cabined: state officials are not permitted to obtain the Schedule B of "organizations described in paragraph (1) or (3)" of § 501(c). 26 U.S.C. § 6104(c)(3).

33. Consequently, Federal law specifically prohibits state officials, including Defendant, from seeking or obtaining the unredacted Schedule B of Plaintiff, a § 501(c)(3) organization.

*Associational Liberties and Compelled State Disclosure*

34. An undisturbed line of U.S. Supreme Court precedent expressly prohibits state governments from obtaining the contributor lists of non-partisan, nonprofit corporations. See, *e.g.*, *NAACP* v. *Alabama ex rel. Patterson*, 357 U.S. 449 (1958); *Bates* v. *City of Little Rock*, 361 U.S. 516 (1960); *Gibson* v. *Fla. Legislative Investigation Comm.*, 372 U.S. 539 (1963). The Court repeatedly held that disclosure of such lists unconstitutionally burdens the freedom of association.

35. "It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute [an] effective . . . restraint on freedom of association." *NAACP*, 357 U.S. at 462.

36. It is "immaterial whether the beliefs sought to be advanced by association pertain to political, economic, religious or cultural matters, and state action which may have the effect of curtailing the freedom to associate is subject to the closest scrutiny." *NAACP*, 357 U.S. at 460-461.

37. The Supreme Court further blocked the use of state power to obtain the names and addresses of contributors to a nonprofit corporation in order "to determine whether petitioner was conducting intrastate business in violation of the Alabama foreign corporation registration statute" or as "an adjunct of their power to impose occupational license taxes." *NAACP*, 357 U.S. at 464; *Bates*, 361 U.S. at 523.

38. Indeed, for nearly 70 years, it has been settled that "regulatory measures [], no matter how sophisticated, cannot be employed in purpose or in effect to stifle, penalize, or curb the exercise of First Amendment rights." *Louisiana ex rel. Gremillion* v. *NAACP*, 366 U.S. 293, 297 (1961).

39. If the Attorney General's efforts are carried out, Plaintiff and its supporters will suffer just such an injury.

COUNT I – FEDERAL PREEMPTION

40. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1-39.

41. Congress has, pursuant to its authority under U.S. Const. art. I, sec. 8, barred state officials from demanding the names and addresses of contributors to

entities organized under § 501(c)(3) of the Internal Revenue Code. 26 U.S.C. § 6104(d)(3)(A).

42. The Attorney General's demand for the Schedule B filings of Plaintiff CCP, a § 501(c)(3) organization, violates a duly enacted Federal statute and is thus preempted by the Supremacy Clause, U.S. Const. art. VI, cl. 2, insofar as she seeks to compel Plaintiff to turn over its contributors' names and addresses.

43. Plaintiff and its supporters have no adequate remedy at law to avert the harm from Defendant's conduct. Plaintiff is entitled to a declaratory judgment and injunctive relief prohibiting the Defendant from demanding its unredacted Schedule B filings.

### COUNT II – U.S. CONST. AMENDS. I, XIV

44. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1-43.

45. By compelling the disclosure of the names and addresses of Plaintiff's contributors, Defendant will unlawfully and substantially deprive Plaintiff and its supporters of the free association rights secured by the First Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

46. Plaintiff and its supporters have no adequate remedy at law to avert this harm. Plaintiff is entitled to a declaratory judgment and injunctive relief prohibiting the Defendant from demanding its Schedule B filings.

### PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment be entered in its favor and against Defendant as follows:

1. An order permanently enjoining Defendant, her officers, agents, servants, employees, and all persons in active concert or participation with them who receives actual notice of the injunction, from taking any action to enforce, implement, or otherwise achieve the Attorney General's effort to obtain the names and addresses of Plaintiff's contributors, as described in paragraphs 11-25;

2. A judgment declaring that the Attorney General's effort, as described in paragraphs 11-25, to obtain the names and addresses of Plaintiff's contributors is preempted by the Supremacy Clause as a violation of federal law and is null and void;

3. A judgment declaring that the Attorney General's effort to obtain the names and addresses of Plaintiff's contributors, as described in paragraphs 11-25, violates the First and Fourteenth Amendments and is null and void;

4. An award to Plaintiff of its reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and

5. Granting Plaintiff such additional or different relief as the Court deems just and proper.

Dated: March 7, 2014               Respectfully submitted,

                              By:   /s/ Alan Gura

Allen Dickerson*                    Alan Gura, Cal. Bar No. 178,221
Center for Competitive Politics     Gura & Possessky, PLLC
124 West Street, Suite 201          105 Oronoco Street, Suite 305
Alexandria, VA 22314                Alexandria, VA 22314
703.894.6800/Fax 703.894.6811       703.835.9085/Fax 703.997.7665
adickerson@campaignfreedom.org      alan@gurapossessky.com

*Application *pro hac vice* pending