Alan Gura, Calif. Bar No. 178,221
Gura PLLC
916 Prince Street, Suite 107
Alexandria, VA 22314
703.835.9085
alan@gurapllc.com

Allen Dickerson*
Zac Morgan**
Center for Competitive Politics
124 S. West St., Suite 201
Alexandria, VA 22314
703.894.6800/F: 703.894.6811
adickerson@campaignfreedom.org

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR COMPETITIVE POLITICS, | Case No. 14-636 |
|         *Plaintiff*, | NOTICE OF MOTION AND |
|     v. | MOTION FOR PRELIMINARY INJUNCTION [Fed. R. Civ. P. 65(a)] |
| KAMALA HARRIS, in her official capacity as Attorney General of the State of California, | Date:   October 6, 2016 |
| | Time: 2:00 p.m. |
| | Dept:   7, 14th Floor |
|         *Defendant*. | Judge: Morrison C. England, Jr. |
| | Trial Date: None |
| | Action Filed: March 7, 2014 |

On October 6, 2016, at 2:00 p.m., this matter came on regularly for a hearing in Courtroom 7, floor 14, of this Court, the Honorable Morrison C. England, Jr., presiding. Having considered the parties' pleadings and the arguments of counsel, and the entire record in this case, and good cause existing therefor,

**THE COURT HEREBY FINDS AND ORDERS:**

Plaintiff Center for Competitive Politics has demonstrated serious questions going to the merits of its First and Fourth Amendment claims. Defendant Kamala D. Harris cannot

constitutionally require Plaintiff to turn over an unredacted copy of IRS Form 990 Schedule B as a condition of soliciting funds in California. This demand unconstitutionally infringes upon the First and Fourth Amendment rights of Plaintiff and its contributors.

Plaintiff has demonstrated that it will suffer irreparable harm in the absence of preliminary injunctive relief. If Plaintiff does not turn over its Schedule B, it is subject to significant penalties, including loss of its ability to engage in charitable fundraising speech fully protected under the First Amendment. Should Plaintiff turn over its Schedule B, the First Amendment and Fourth Amendment rights of both CCP and its contributors will be chilled, especially as the Attorney General has not demonstrated that this information will remain confidential. As the loss of constitutional liberties, even for minimal periods of time, constitutes irreparable injury, Plaintiff has demonstrated the balance of the equities tips decidedly in its favor.

Finally, Plaintiff has demonstrated that the injunction it requests is in the public interest. Allowing the Attorney General to violate the constitutional rights of a nonprofit charitable organization and its donors, both within and without California, is certainly adverse to this interest.

The preliminary injunction below is narrowly drawn, extends no further than necessary to prevent irreparable harm, and is the least intrusive means the Court may order to prevent such harm.

In these circumstances, waiver of the bond requirement is appropriate because Plaintiff is a small nonprofit organization with limited resources suing to vindicate constitutional rights under 42 U.S.C. § 1983.

**ORDER**

1. It is HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is GRANTED;

2. Defendant, her officers, agents, servants, employees, and all persons in active concert or participation with them are ENJOINED from taking action to enforce, implement, or otherwise pursue a policy of requiring Plaintiff to provide its nonpublic Schedule B to Defendant as a condition of soliciting charitable contributions in California.

3. IT IS FURTHER ORDERED that the bond requirement is waived.

4. No person who has notice of this injunction shall fail to comply with it, nor shall any person subvert the injunction by sham, indirection, or other artifice.

**IT IS SO ORDERED.**

Dated: _____    _____
                                        The Honorable Morrison C. England, Jr.
                                        United States District Judge